IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 14-144 |
| v. | ) | CV 16-420 |
| JAMES ANKER | | |

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Defendant pleaded guilty to one Count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Defendant was determined to be a career offender under U.S.S.G. § 4B1.1, based, in part, on a prior state conviction for resisting arrest. The enhanced applicable guideline range was 151 to 188 months; absent the career offender enhancement, the applicable guideline range would have been 24 to 30 months. On April 9, 2015, Judge Cohill sentenced Defendant to a term of imprisonment of 30 months, followed by a three-year term of supervised release. In so doing, Judge Cohill noted that the Court "varied due to [its] belief that the career offender determination, although correct, does not adequately reflect this defendant's criminal history." Due to an appellate waiver in his plea agreement, Defendant did not take an appeal. Presently before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255, arguing that he was improperly subject to a career offender enhancement. For the following reasons, his Motion will be granted, and the matter scheduled for resentencing.

**OPINION**

**I.  APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete

1

miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

## II. DEFENDANT'S MOTION

Defendant argues that his prior conviction for resisting arrest could only qualify as a predicate under the residual clause of the Guidelines, which is invalid pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), and its progeny. The Government's brief, initially, argues against Johnson's retroactivity and applicability to sentences imposed under the Guidelines, rather than ACCA. I reject the Government's contentions, for reasons recently explained by others. See, e.g., United States v. Calabretta, 2016 U.S. App. LEXIS 13568 (3d Cir. July 26, 2016); Townsley v. United States, 2016 U.S. Dist. LEXIS 101179 (M.D. Pa. June 22, 2016); United States v. Boone, 2016 U.S. Dist. LEXIS 70600 (W.D. Pa. May 31, 2016).

The Government also contends that Defendant's claim has been procedurally defaulted. Because Defendant waived his right to appeal, the argument goes, and thus did not raise his claim on direct review, that claim is defaulted. Defendant entered his plea after collateral attack waivers fell from favor due to ethical concerns, and his bargain contemplated no such waiver. As the Government points out, a waiver of collateral attack rights must be knowing and voluntary. There is no suggestion that Defendant was apprised, at any time prior to entering his plea, that an appellate waiver would also result in a waiver of his collateral attack rights. Applying default principles as the Government urges would create a "back door" route to a

2

relinquishment of rights, to which Defendant did not knowingly or voluntarily agree. As all parties would acknowledge, neither Defendant nor his counsel could have contemplated a Johnson challenge at the time of his plea or sentence, as none existed. Moreover, I note that our Court of Appeals has recently emphasized that a petitioner can overcome procedural default by showing either cause and prejudice, or a fundamental miscarriage of justice. Gonzalez v. Superintendent Graterford Sci, 2016 U.S. App. LEXIS 13189, at *8 (3d Cir. July 19, 2016). If I were to consider default principles under the particular circumstances of this case, I would conclude that treating an appellate waiver as a de facto collateral attack waiver would result in a miscarriage of justice.

As a final matter, the sentencing Court's decisions to vary downward from the enhanced guideline range, and to sentence Defendant within the unenhanced range, do not nullify the fact that Defendant's career offender status was under consideration and part of the record at sentencing. Justice countenances neither speculation regarding what sentence the Court might have imposed, absent the enhancement, nor an assumption that Defendant's sentence remains appropriate. The better approach is to vacate Defendant's sentence and schedule further proceedings.

## CONCLUSION

In conclusion, Defendant's Motion will be granted. This matter will be scheduled for resentencing. An appropriate Order follows.

**ORDER**

AND NOW, this 25th day of August, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is GRANTED, and his sentence vacated. A sentencing hearing is scheduled for the 15th of September, 2016, at 10:00 A.M. in Courtroom 3B before the undersigned.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose, Senior Judge

U.S. District Court